**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**CHARLES A. WINSTON**                                                  **PLAINTIFF**
**ADC #84733**

**VS.**                     **CASE NO. 2:12CV00148 JLH/BD**

**THESTER PETTY, et al.**                                          **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

>   Mail your objections and "Statement of Necessity" to:
>
>>   Clerk, United States District Court
>>   Eastern District of Arkansas
>>   600 West Capitol Avenue, Suite A149
>>   Little Rock, AR 72201-3325

## II.   **Background:**

Plaintiff Charles A. Winston, an Arkansas Department of Correction ("ADC") inmate, filed this complaint pro se under 42 U.S.C. § 1983, alleging that Defendant Petty retaliated against him by issuing a false disciplinary against him. (Docket entry #2) He also alleges that Defendants Ester, Harmon, Gibson, May, and Hobbs retaliated against him by upholding the false disciplinary.[1]

Defendants have now moved for summary judgment. (#26) In their motion, Defendants argue that: they are entitled to sovereign immunity on claims for money damages in their official capacities; Mr. Winston failed to exhaust his administrative remedies against any Defendant other than Defendant Ester; they are entitled to qualified immunity; and Mr. Winston's claims fail as a matter of law because he was actually guilty of the disciplinary violation for which he was charged and punished.

Mr. Winston has responded to the Defendants' motion (#33, #34, #35), and the motion is ready for decision. Based on the evidence presented, the Court recommends

---

[1] In his Complaint, Mr. Winston also alleged that Defendant Ester violated his due process rights by placing him in punitive isolation and that Defendants Harmon, Gibson, and Hobbs violated his constitutional rights by failing to follow ADC policy. The Court, however, has already dismissed these claims. (#3, #14)

that the Defendants' motion for summary judgment (#26) be GRANTED and that Mr. Winston's remaining claim of retaliation be DISMISSED, with prejudice.[2]

### III. Discussion:

**A. Standard**

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). When the nonmoving party cannot come forward with enough evidence to establish a necessary element of the case, the moving party is entitled to judgment as a matter of law. *Celotex Corp.,* 447 U.S. at 322–23, 106 S.Ct. at 2552.

---

[2] Because the Court concludes that Mr. Winston's claims fail as a matter of law, it is not necessary to address the Defendants' qualified immunity argument in this Recommendation.

### B. Sovereign Immunity

To the extent that Mr. Winston seeks money damages from the Defendants in their official capacities, his claims are barred by the doctrine of sovereign immunity. The law is long settled that a civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). For that reason, Mr. Winston's official-capacity claims, to the extent that he seeks money damages, must be dismissed.

### C. Exhaustion of Administrative Remedies

Under federal law, a prisoner must exhaust "such administrative remedies as are available" before filing a lawsuit under 42 U.S.C. § 1983. 42 U.S.C. § 1997(e); see also *Booth v. Churner,* 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris,* 247 F.3d 736, 740 (8th Cir. 2001).

It does not matter that a prisoner might subjectively believe that there was no point in pursuing administrative remedies. *Lyon v. Vande Krol,* 305 F.3d 806, 808–09 (8th Cir. 2002); *Chelette v. Harris,* 229 F.3d 684, 688 (8th Cir. 2000), cert. denied 531 U.S. 1156 (2001). The law is clear. If exhaustion is not complete by the time the lawsuit is filed, the Court must dismiss all claims that were not exhausted as of the date the lawsuit was

filed. *Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir. 2003).

Prisoners can be excused from exhausting administrative remedies, but only when correction officials have prevented them from using grievance procedures or when the officials themselves have not complied with administrative procedures. *Miller v. Norris, supra* at 740; *Foulk v. Charrier,* 262 F.3d 687, 697–98 (8th Cir. 2001).

The ADC Inmate Grievance Procedure sets out the procedural requirements that inmates must satisfy in order to obtain review of their grievances. (#27 at p.10) In order to fully exhaust a claim, an inmate must first submit an informal grievance that is "specific as to the substance of the issue or complaint" and include "the date, place, *personnel involved* or witnesses" (#27 at p.10)(emphasis added).

Defendants contend that Mr. Winston did not exhaust his administrative remedies against any of the Defendants other than Defendant Ester. In support of their summary judgment motion, they have attached the relevant ADC Inmate Grievance Policy and computer copies of three grievances submitted by Mr. Winston. In two of those grievances, Mr. Winston complains that Defendant Petty served him raw chicken. (#28-2 at pp. 38, 45) In the third grievance, Mr. Winston complains that Defendant Ester retaliated against him and that Defendant Gibson violated his due process rights. (#38-2 at p.42)

Failure to exhaust is an affirmative defense and, therefore, the Defendants bear the burden of proving it. Perhaps the Defendants intended for the Court to infer that these

grievances are the only ones Mr. Winston fully exhausted. Of course, the Court cannot engage in speculation in granting a motion for summary judgment. Because the Defendants did not provide any affidavit or declaration from the inmate grievance supervisor summarizing Mr. Winston's grievance history or testifying that the three grievances provided are his only fully exhausted grievances, they have not carried their burden.

Moreover, in response to Mr. Winston's grievance concerning Defendant Ester's alleged retaliatory conduct, Mr. Winston was informed that "disciplinary matters are not grieveable." (#28-2 at p.43) It is unclear whether Mr. Winston ever had the opportunity to fully exhaust the issues raised in this lawsuit. The Defendants are not entitled to dismissal based on Mr. Winston's failure to exhaust administrative remedies.

### D. Retaliation Claim

To establish a prima facie case of retaliation, Mr. Winston must show that he exercised a constitutionally protected right; that prison officials disciplined him; and that his exercise of the protected right motivated the disciplinary measures taken against him. *Meuir v. Greene County Jail Employees,* 487 F.3d 1115, 1119 (8th Cir. 2007). He bears a heavy evidentiary burden to establish a prima facie case. *Id.* (citing *Murphy v. Mo. Dept. of Corr.,* 769 F.2d 502, 503 n. 1 (8th Cir. 1985)). He must come forward with more than a bare allegation that an act was retaliatory. *Id.* (citing *Benson v. Cady,* 761 F.2d 335, 342 (7th Cir. 1985)).

In addition, a retaliation claim fails if the inmate was punished for an actual rule violation, so long as defendants show "some evidence" that the inmate committed the alleged violation. *Earnest v. Courtney,* 64 F.3d 365, 367 (8th Cir. 1995). "[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decision maker." *Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008).

In this case, Mr. Winston alleges that Defendant Petty falsified a disciplinary against him in retaliation for previous grievances that he had written about her. On December 22, 2009, Defendant Petty filed a disciplinary against Mr. Winston charging him with failure to obey verbal and/or written orders of staff; creating unnecessary noise; insolence to a staff member; and breaking into, or causing disruption of, an inmate line. (#28-2 at pp.16 and 17)  On December 31, 2009, Defendant Ester found Mr. Winston guilty of all the charges except failure to obey verbal and/or written orders of staff. (#28-2 at pp.18 and 19)  The disciplinary hearing action papers indicate that an F-1 report was relied upon as evidence against Mr. Winston and that he was found guilty of the disciplinary charges because a staff report was believed over his testimony. (#28-2 at pp.19)  Mr. Winston appealed his December 22, 2009 disciplinary, but his disciplinary conviction was upheld. (28-2 at p. 13 and 15)

He claims that he has three witness statements that prove he did not commit the rule violations that resulted in the disciplinary at issue. These statements, however, are not conclusive. Inmate Eric Woods stated: "I threw my tray away and left. I didn't see Winston do anything other than talk about the preparation of the meal." (#34 at p.39) Inmate Johnny Ratliff stated that, "Winston did not throw his tray back at the window." (#34 at p.45) Inmate Antonio Daniels explained that, "Mr. Winston never threw anything." (#34 at p.47)

Nonetheless, Mr. Winston's disciplinary conviction was supported by a staff report; and despite the witness statements produced by Mr. Winston, the Defendants have come forward with "some evidence" that Mr. Winston committed the alleged violation. Although Mr. Winston complains that Defendant Ester found him guilty of the alleged rule violations because of previously filed grievances, he has not provided any evidence to support this bare allegation. (#34 at p.12) As noted, to succeed on a retaliation claim, an inmate must come forward with more than a bare allegation that an act was retaliatory. Here, Mr. Winston has failed to create a genuine issue of material fact with regard to Defendant Ester's role as an impartial decision maker.[3] As a result, Mr. Winston's retaliation claim fails.

---

[3] The Court also notes that "[t]he lack of a temporal connection between the protected activity and the alleged retaliation dispels any inference of a causal connection." *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007); *Kipp v. Mo. Highway & Transp. Comm'n,* 280 F.3d 893, 897 (8th Cir. 2002).

## IV.  Conclusion:

The Court recommends that the Defendants' motion for summary judgment (#26) be GRANTED.  Mr. Winston's claims against the Defendants should be DISMISSED, with prejudice.

DATED this 4th day of June, 2013.

_____
UNITED STATES MAGISTRATE JUDGE